No. 410

First Circuit

EFFERSON v. BOURN

(February 13, 1929. Opinion and Decree.)

R. M. McGehee, of Hammond, attorney for plaintiff, appellant.

Rownd & Warner, of Hammond, attorneys for defendant, appellee.

MOUTON, J. Plaintiff obtained the issuance of executory process on a mortgage note for twelve hundred dollars ($1200.00)

of defendant under which his property was seized. Defendant took out a rule against plaintiff for a preliminary injunction to arrest the sale. His contention is that plaintiff agreed to accept the amount in principal, and interest on the note in full payment before placing it in the hands of the attorney for collection. He claims that the sum so tendered by him should be accepted in settlement and independently of the attorney's fees for which the note provides in case of suit.

The Court decreed that upon deposit of the amount so tendered in the registry of the Court, the injunction issue prohibiting further proceedings towards the sale of the property.

The proof shows that on September 4, 1928, a few days after the maturity of the note, plaintiff and defendant agreed to meet in Hammond, on Tuesday the next day, for the purpose of making a settlement of the note.

Ben Lockhart was to advance the money to defendant to pay the note in principal and interest. He had a certificate from the bank on which he expected to raise the funds, but was required to have it signed by his wife before he could get the amount represented by the certificate. He says, and the preponderance of the evidence shows, that he left Hammond at about 9:00 o'clock a. m. to go to Holden to have his wife sign, and that plaintiff agreed to await his return for the payment of the note, as it had been understood.

In about two hours, Lockhart was back in Hammond from Holden, but in the meantime plaintiff, claiming he was sick, had placed the note in the hands of an attorney for collection. Defendant tendered the amount of the note in principal and interest as had been agreed, but the attorney refused to accept the offer, contending that he was entitled to attorney's fees. The proof shows that plaintiff had agreed to accept the amount so tendered in full payment of the note.

Counsel for plaintiff and defendant have not favored us with briefs in this case, but we have, however, gone carefully over the evidence, and find no error in the judgment below which decreed the issuance of the writ upon compliance with its order requiring the deposit mentioned in the judgment.